**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10279 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-02070-DCB |
| v. | |
| MELISSA LUPITA BELLOVIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Linda R. Reade, District Judge, Presiding[**]

Submitted March 6, 2012[***]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Melissa Lupita Bellovin appeals from the 60-month sentence imposed

following her guilty-plea conviction for multiple counts of possession with intent

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Linda R. Reade, Chief Judge for the United States District Court for the Northern District of Iowa, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to distribute and importation of methamphetamine, heroin, and cocaine, in violation of 21 U.S.C. §§ 841, 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bellovin contends that the district court erred by denying her a role adjustment pursuant to U.S.S.G. § 3B1.2(a). The district court did not clearly err in denying the adjustment. *See United States v. Cantrell*, 433 F.3d 1269, 1282-83 (9th Cir. 2006).

Bellovin next contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors and by failing to explain why it rejected her mitigating arguments. The record belies these contentions. The court considered the sentencing factors and directly addressed the mitigating arguments raised by Bellovin. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc).

Bellovin finally contends that her sentence is substantively unreasonable. Bellovin's sentence, 91 months below the advisory Guidelines range, is substantively reasonable in light of the totality of the circumstances and the section 3553(a) sentencing factors. *See id*. at 993.

**AFFIRMED.**

11-10279